UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>SINSAMOUTH HEOPASERT,<br><br>  Defendant. | NO: 2:13-CR-0114-TOR-1<br><br>ORDER DENYING MOTION TO WITHDRAW PLEA OF GUILTY |

BEFORE THE COURT is Defendant's Motions to Withdraw Guilty Plea Pursuant to Fed. R. Crim. P. 11(d)(1) (ECF No. 326) and Motion to Expedite (ECF No. 325). The Defendant is represented by John Henry Browne. The Government is represented by Earl A. Hicks. The Court has reviewed the motions and accompanying pleadings, the record and files herein and is fully informed.

Defendant asserts that his "guilty plea has not yet been accepted by the court; consequently, he has an absolute right to withdraw from his plea and wishes to exercise this right." ECF No. 326 at 1. The Government contends the Court has

ORDER DENYING MOTION TO WITHDRAW PLEA OF GUILTY ~ 1

accepted Defendant's plea, and only reserved ruling on the binding Rule 11(c)(1)(C) nature of the plea agreement. *See* ECF No. 329 at 2. Accordingly, the Government contends Defendant does not have an unqualified right to withdraw from his guilty plea, unless he can demonstrate a fair and just reason or the Court rejects the Rule 11(c)(1)(C) plea agreement. *Id*. at 3.

In reply, Defendant asserts that the plea was not accepted by the Court and that "should the Court desire reasons, many exist." ECF No. 335 at 2.

## DISCUSSION

The Court has reviewed the transcript of the change of plea hearing. ECF No. 346. After conducting the necessary Rule 11 colloquy with the Defendant, Senior District Judge Van Sickle ruled as follows:

> The Court finds that Mr. Heopasert is perfectly competent and capable of proceeding in today's hearing. His plea of guilty is a knowing, intelligent, and voluntary plea. It's not based on threats or coercion or ignorance. He understands the crime he's charged with. He understands the three elements of the crime. He understands the United Stated was presented evidence if the case went to trial. He understands the consequences of pleading guilty and he has acknowledged in open Court facts that do constitute each of the three elements. His plea of guilty is accepted as a knowing, intelligent, and voluntary plea. I reserve acceptance of the terms of the agreement until after I've had a chance to review a pre-sentence investigation report. So previously established schedule included trial dates and all the like are vacating pending motions are denied as moot at this juncture. A pre-sentence report is ordered and the matter is scheduled for sentencing . . . .

*Id*. at 23–24.

ORDER DENYING MOTION TO WITHDRAW PLEA OF GUILTY ~ 2

Where, as in the instant matter, a defendant enters a guilty plea and a court accepts it, a defendant does not have an unequivocal right to withdraw the plea. In recognizing the finality that attaches to the entry of a plea and the great care that is given to them under Rule 11, the Supreme Court cited the 1983 Advisory Committee Notes to Rule 32(e) as follows:

> "Given the great care with which pleas are taken under [the] revised Rule 11, there is no reason to view pleas so taken as merely 'tentative,' subject to withdrawal before sentence whenever the government cannot establish prejudice. 'Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but a "grave and solemn act," which is "accepted only with care and discernment.""

*United States v. Hyde*, 520 U.S. 670, 676-77 (1997) (emphasis added, citations omitted).

Fed. R. Crim P. 11 was amended in 1975 to provide greater safeguards to the defendant before the court accepted a plea. Thus, withdrawal of a plea is to be interpreted to reinforce Rule 11 as amended, to give guilty pleas more finality. *United States v. Rios-Ortiz*, 830 F.2d 1067, 1069 (9th Cir. 1987). Allowing a defendant to withdraw his or her guilty plea simply on a lark, would "degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess." *Hyde*, 520 U.S. at 676-77. Moreover, it has been uniformly rejected that a

ORDER DENYING MOTION TO WITHDRAW PLEA OF GUILTY ~ 3

defendant can withdrawal his plea unless the United States showed prejudice by the withdrawal. *Id.* Were it otherwise, plea proceedings would become time-consuming formalities with no lasting effect.

Accordingly, Defendant does not have an absolute right to withdraw his plea in this case. In reply only, Defendant offers sundry correspondence and internal policies of the Department of Justice, apparently as reasons for withdrawing his plea. *See* ECF No. 335. Defendant provides no compelling reason, other than to assert that his negotiated sentence is not fair.

Pursuant to Fed. R. Crim P. 11(d)(2)(B), a defendant may seek to withdraw a plea of guilty if he can "show a fair and just reason for requesting the withdrawal." A defendant bears the burden of demonstrating a "fair and just reason" and the decision to allow withdrawal of a plea is plainly within the discretion of the district court. *See United States v. Showalter*, 569 F.3d 1150, 1156 (9th Cir. 2009).

The Ninth Circuit has provided examples of "fair and just reason" that meet the Rule 11 standard such as: inadequate Rule 11 plea colloquies; newly discovered evidence; intervening circumstances; erroneous legal advice; or any other fair and just reason for withdrawing the plea that did not exist when the Defendant entered his or her plea. *See United States v. Ensminger* 567 F.3d 587, 590-93 (9th Cir. 2009). However, in promoting the finality of the solemn nature of guilty pleas, the Ninth Circuit has observed that defendants have been known "to

ORDER DENYING MOTION TO WITHDRAW PLEA OF GUILTY ~ 4

toy with courts by belated attempts to change their minds about having pleaded guilty" (*United States v. Cook*, 487 F.2d 963 (9th Cir. 1973), and that a guilty plea is "not a placeholder that reserves [a defendant's] right to our criminal system's incentives for acceptance of responsibility unless or until a preferable alternative later arises." *Ensminger,* 567 F.3d at 593.

Defendant cites to pre- and post-plea correspondence imploring the Executive Branch to exercise its prosecutorial discretion. The Court, however, is forbidden from negotiating a plea. Fed. R. Crim. P. 11(c)(1) ("The court must not participate in these discussions."). While the Court will later exercise its judicial discretion as contemplated by the Rule 11(c)(1)(C) plea, that judicial discretion does not encompass negotiating a plea. *See* Rule 11(c)(3)(A) ("[T]he court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.").

Defendant also cites to Executive Branch policies in support of his request to withdraw his plea. But these policies expressly provide that they do no create of confer any rights, privileges, or benefits for Defendant. *See e.g*., ECF Nos. 335-1 at 2; 335-4 at 7, 11 (citing *United States v. Caceres*, 440 U.S. 741 (1979)). Even so, the Court does not enforce Executive Branch policies, as opposed to law.

ORDER DENYING MOTION TO WITHDRAW PLEA OF GUILTY ~ 5

In sum, Defendant now complains, many months after pleading guilty, that he negotiated a plea that he no longer thinks is fair. That is not a fair and just reason to allow withdrawal.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Expedite (ECF No. 325) is **GRANTED**.

2. Defendant's Motion to Withdraw Guilty Plea Pursuant to Fed. R. Crim. P. 11(d)(1) (ECF No. 326) is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel and to the United States Probation Office.

**DATED** June 8, 2015.



THOMAS O. RICE
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO WITHDRAW PLEA OF GUILTY ~ 6